# EXHIBIT "A"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/09/2020 11:51AM
BY: PLESTER
DEPUTY

Case No.: V1300CV202080257
HON. CHRISTOPHER KOTTKE

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

|  |  |
|---|---|
| Peter Strojnik,<br><br>                                   Plaintiff,<br><br>                vs.<br><br>Forest Villas Inn II, LLC<br><br>                                   Defendants. | Case No:<br>**COMPLAINT**<br><br>1. **Americans with Disabilities Act**<br>2. **Negligence**<br>3. **Failure to Disclose**<br><br>**JURY TRIAL REQUESTED** |

### NATURE OF THE CASE

1. Segregation of the disabled is the last of the collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however,  Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Therefore, Plaintiff brings this action against Defendants alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence; and

   b. Violations of common law failure to disclose.

///

**PARTIES**

5.  Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

6.  Defendant Forest Villas Inn II, LLC owns, operates leases or leases to a lodging business located at 3645 Lee Cir, Prescott, AZ 86301 ("Hotel").

**JURISDICTION AND VENUE**

7.  Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

8.  This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9.  The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

10. These barriers impair Plaintiff's full and equal access to the Hotel.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

12. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

13. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

14. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

15. Plaintiff has a history of impairments stated in the preceding paragraph.

16. Plaintiff is regarded as having a physical conditions that limit major life activities.

17. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing,

working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

18. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.



19. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) |

| | | | | | |
|---|---|---|---|---|---|
| | | | | jumping, running, twisting knee, carrying stuff, and other major life activities. | (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| | | | | Table 1 | |

20. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

21. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

22. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

## PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

23. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

a.  Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

b.  Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c.  Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d.  Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

   1.  Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

   2.  Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e.  The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f.  The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g.  As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i)  Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)   Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)   Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

24. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

25. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES<br>https://www.forestvillas.com/amenities |
| --- |
| NO ACCESSIBILITY DISCLOSURES |
| Table 2. |

26. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

| PERSONAL BARRIER ECOUNTERS |
| --- |



Identification.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible from street.

Improperly marked accessible parking.



No accessible parking signage.

Accessible parking too steep.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No marked passenger loading zone.

Improperly configured handrails throughout.



Inaccessible check in counter.

Improperly configured handrails.

13



Uneven steps.

Closing time 4 s.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperly configured hardware.

Inaccessible from indoor to pool.



Pool security latch too high.

Inaccessible throughout.



Cross slope too steep

Signage too low.

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020.

Table 3

## COUNT ONE
Americans with Disabilities Act

27. Plaintiff realleges all allegations heretofore made.

28. Defendant Forest Villas violated the ADA as documented above.

29. Plaintiff   is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

30. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

31. The removal of barriers is readily achievable.

32. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter **Defendant's place of public** accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. All other relief susceptible of proof based on the allegations.

## COUNT TWO
Negligence and Negligence Per Se

33. Plaintiff realleges all allegations heretofore set forth.

34. Defendant has been subject to previous ADA action in the United States District Court for the District of Arizona in a matter captioned *Brooke v. Forest Villas Inn II*, D.C. Ariz. 3:15-cv-08210-HRH but has not remediated wither its booking website or the architectural conditions of its Hotel.

35. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

36. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

37. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

38. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

39. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

40. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

41. Defendant breached this duty.

42. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

43. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

44. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

45. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence; and

    B.  For damages in the amount of no less than $35,000.00; and

    C.  For punitive damages in the amount of no less than $135,000.00; and

    D.  For such other and further relief as the Court may deem just and proper.

## COUNT THREE
### Failure to Disclose

46. Plaintiff realleges all allegations heretofore set forth.

47. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

48. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

49. The compliance with the ADA is a fact basic to the transaction.

50. Defendant failed to make the necessary disclosures.

51. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

52. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

53. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

54. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant failed to disclose information; and

B. For damages in the amount requested; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper.

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

55. With respect to all counts, Plaintiff alleges that Defendant has been subject to a previous ADA action, *Brooke v. Forest Villas Inn II*, D.C. Ariz. 3:15-cv-08210-HRH but has not remediated wither its booking website or the architectural conditions of its Hotel. Plaintiff further alleges that:

a. Defendants' conduct was and continues to be reprehensible; and

b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

c. Defendants segregated of Plaintiff from the rest of the traveling public; and

d. The duration of Defendants' the misconduct is over 30 years and

e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

56. These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

///

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 9th day of November, 2020.

PETER STROJNIK

Peter Strojnik
Plaintiff

# EXHIBIT "B"

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter    Strojnik v. Forest
Account    # OOT
Invoice    # 375572
Liddy    # 352062-1



SUPERIOR COURT
YAVAPAI COUNTY, ARIZONA

2020 NOV 12  PM 12: 54  ✓

DONNA McQUALITY, CLERK

BY: _____ M BURNETT

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

PETER STROJNIK,

                          Plaintiff(s) / Petitioner(s),

vs.

FOREST VILLAS INN II, LLC,

                         Defendant(s) / Respondent(s).

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
Case No. V1300CV202080257

**ORIGINAL**

**ENTITY/PERSON TO BE SERVED:** Forest Villas Inn II, LLC., c/o Jerry Carver, Statutory Agent

**PLACE OF SERVICE:**    239 S. Cortez St., Prescott, AZ 86303

**DATE OF SERVICE:** On the __10__ day of __November__, __2020__ at __3:33__ PM    County __Yavapai__

☐ PERSONAL SERVICE   ☒ Left a copy with a person authorized to accept service.    ☐ At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**    Served upon Jerry Carver, Statutory Agent

on __11/10/2020__ we received the following documents for service:

Summons, Complaint and Certificate of Compulsory Arbitration

**Received from Strojnik, PC**

PROCESS SERVER: Carl Cartwright, CN202000003

**The undersigned states: That I am a certified private process server in the county of Coconino and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _____    Date: 11/11/2020

| Item | Amount |
|---|---|
| Service of Process | $32.00 |
| Min. Mileage | $16.00 |
| Doc. Prep. Fee | $10.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

Total    $58.00

# EXHIBIT "C"

# EXHIBIT "1"

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

---

1. **Style of the Case:**
   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

2. **Jury Demand:**
   Was a Jury Demand made in another jurisdiction?     Yes              No
   If "Yes," by which party and on what date?

   _____     _____

3. **Answer:**
   Was an Answer made in another jurisdiction?     Yes              No
   If "Yes," by which party and on what date?

   _____     _____

**4.**     **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|-------|-------------|-------------------|
|       |             |                   |
|       |             |                   |
|       |             |                   |

**5.**     **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|-------|-------------------|
|       |                   |
|       |                   |
|       |                   |

**6.**     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|-------|-------------------|
|       |                   |
|       |                   |
|       |                   |

**7.**     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|-------|--------|
|       |        |
|       |        |
|       |        |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

# EXHIBIT "2"

Text Size: A A A

Case Search          Minute Entry Search          Case Notification          Help

Home / Case Search

## Public Access to Court Information

### Case Search



eFiling Information

Printer Friendly Version

<< return to search results                                    new case search >>

Case Information

| | | | |
|---|---|---|---|
| Case Number: | **V-1300-CV-202080257** | | |
| Title: | PETER STROJNIK vs FOREST VIL | Category: | Civil |
| Court: | Yavapai County Superior | Filing Date: | 11/9/2020 |
| Judge: | | Disposition Date: | |





Make a Payment

**FOREST VILLAS INN II, LLC**   DEFENDANT  -  D 1

**PETER STROJNIK**   PLAINTIFF  -  P 1

Case Activity

| Date | Description | Party |
|---|---|---|
| 11/12/2020 | SERVICE: Certificate | D 1 |
| 11/9/2020 | SUMMONS: SUMMONS | P 1 |
| 11/9/2020 | INDICATOR: DISCOVERY TIER 2 | P 1 |
| 11/9/2020 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 11/9/2020 | COMPLAINT: Complaint | P 1 |

## Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**
**Internet Explorer 10 Users: Case details will not display properly unless you
switch to Compatibility View. How?**
**The following case types are excluded from search results:** sealed cases, cases involving un-served
Orders of Protection, mental health and probate cases, victim and witness data. Juvenile
incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases
in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried
out by superior court clerk's offices in each county are not included in this website, such as passport application
processing and private process server registration. **Charges stemming from local ordinance violations are
not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public
records.

**The user is responsible for verifying information provided on this website against official court
information filed at the court of record.** Use of this website shall indicate agreement by the user that the
Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss,
consequence, or damage resulting directly or indirectly from the use of any of the information available through
this website and that the Arizona judiciary does not provide any warranty, express or implied, that the
information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/09/2020 11:51AM
BY: PLESTER
DEPUTY

Case No.: V1300CV202080257
HON. CHRISTOPHER KOTTKE

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Peter Strojnik, <br><br>                               Plaintiff, <br><br>           vs. <br><br> Forest Villas Inn II, LLC <br><br>                       Defendants. | Case No: <br> **COMPLAINT** <br><br> **1. Americans with Disabilities Act** <br> **2. Negligence** <br> **3. Failure to Disclose** <br><br> **JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last of the collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Therefore, Plaintiff brings this action against Defendants alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence; and

   b. Violations of common law failure to disclose.

///

**PARTIES**

5. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

6. Defendant Forest Villas Inn II, LLC owns, operates leases or leases to a lodging business located at 3645 Lee Cir, Prescott, AZ 86301 ("Hotel").

**JURISDICTION AND VENUE**

7. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia*, Plaintiff's claim for equitable nominal damages.

9. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

10. These barriers impair Plaintiff's full and equal access to the Hotel.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

12. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

2

noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

13. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

14. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

15. Plaintiff has a history of impairments stated in the preceding paragraph.

16. Plaintiff is regarded as having a physical conditions that limit major life activities.

17. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing,

1  working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors,

2  breathing, getting in and out of a car, carrying stuff and working.

3  18. Plaintiff has been declared disabled and has been issued a government

4  disability placard reproduced in the margin.



5  19. The following Table 1 indicates the relationship between Plaintiff's ADA

6  disabilities and major life activities:

7  **RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) |

| | | | | | |
|---|---|---|---|---|---|
| | | | | jumping, running, twisting knee, carrying stuff, and other major life activities. | (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Table 1 | | | | | |

20. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

21. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

22. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accessibility Design into this Complaint as if fully stated herein.

## PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

23. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

5

a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

   1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

   2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)    Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)    Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)    Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

24. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

25. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES<br>https://www.forestvillas.com/amenities |
| :---: |
| NO ACCESSIBILITY DISCLOSURES |
| Table 2. |

26. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and  how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

| PERSONAL BARRIER ECOUNTERS |
| :---: |



Identification.



Inaccessible from street.

Improperly marked accessible parking.



No accessible parking signage.

Accessible parking too steep.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No marked passenger loading zone.

Improperly configured handrails throughout.

1
2
3
4
5
6
7
8
9
10
11
12
13
14



Inaccessible check in counter.

15
16
17
18
19
20
21
22
23
24
25
26
27

Improperly configured handrails.

28

13



Uneven steps.

Closing time 4 s.

1
2
3
4
5
6
7
8
9
10
11
12



Improperly configured hardware.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Inaccessible from indoor to pool.

1
2
3
4
5
6
7
8
9
10
11
12
13
14

Pool security latch too high.

15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible throughout.



Cross slope too steep



Signage too low.

| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. | |
| **The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020. | |
| **Table 3** | |

17

## COUNT ONE
### Americans with Disabilities Act

27. Plaintiff realleges all allegations heretofore made.

28. Defendant Forest Villas violated the ADA as documented above.

29. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

30. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

31. The removal of barriers is readily achievable.

32. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A.  Relief described in 42 U.S.C. §2000a – 3; and

    B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C.  Injunctive relief order to alter **Defendant's place of public** accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D.  Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E.  Equitable nominal damages; and

    F.  For costs, expenses and attorney's fees; and

    G.  All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H.  All other relief susceptible of proof based on the allegations.

## COUNT TWO
### Negligence and Negligence Per Se

33. Plaintiff realleges all allegations heretofore set forth.

34. Defendant has been subject to previous ADA action in the United States District Court for the District of Arizona in a matter captioned *Brooke v. Forest Villas Inn II*, D.C. Ariz. 3:15-cv-08210-HRH but has not remediated wither its booking website or the architectural conditions of its Hotel.

35. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

36. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

37. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

38. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

39. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

40. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

41. Defendant breached this duty.

42. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

43. By engaging in negligent conduct described herein. Defendant engaged in intentional, aggravated and outrageous conduct.

44. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

45. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT THREE**
Failure to Disclose

46. Plaintiff realleges all allegations heretofore set forth.

47. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

48. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

49. The compliance with the ADA is a fact basic to the transaction.

50. Defendant failed to make the necessary disclosures.

51. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

52. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

53. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

54. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

55. With respect to all counts, Plaintiff alleges that Defendant has been subject to a previous ADA action, *Brooke v. Forest Villas Inn II*, D.C. Ariz. 3:15-cv-08210-HRH but has not remediated wither its booking website or the architectural conditions of its Hotel. Plaintiff further alleges that:

    a. Defendants' conduct was and continues to be reprehensible; and

    b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

    c. Defendants segregated of Plaintiff from the rest of the traveling public; and

    d. The duration of Defendants' the misconduct is over 30 years and

    e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

    f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

56. These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

///

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 9th day of November, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/09/2020 11:51AM
BY: PLESTER
DEPUTY

Case No: V1300CV202080257
HON. CHRISTOPHER KOTTKE

Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone: (602) 524-6602
ps@strojnik.com

# YAVAPAI COUNTY SUPERIOR COURT

## STATE OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>                                    Plaintiff,<br><br>vs.<br><br>Forest Villas Inn II, LLC,<br><br>                                    Defendant. | Case No:<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that the above cause is not subject to compulsory arbitration pursuant to Rules 72-77 of the Rules of Civil Procedure.

DATED this 9th day of November, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

Person/Attorney Filing:  Peter Strojnik
Mailing Address:  7847 N. Central Avenue
City, State, Zip Code:  Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF Yavapai

Peter Strojnik
Plaintiff(s),
v.
Forest Villas Inn II, LLC
Defendant(s).

Case No.    V1300CV202080257

**SUMMONS**

To:  Forest Villas Inn II, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
Answer in writing with the Court, and you must pay the required filing fee. To file your
Answer, take or send the papers to Clerk of the Superior Court, 2840 Commonwealth
Drive Camp Verde AZ 86322 or electronically file your Answer through one of Arizona's
approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents
in this case.

3. If this Summons and the other court papers were served on you within the State of
Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
date of service, not counting the day of service. If this Summons and the other court papers
were served on you outside the State of Arizona, your Answer must be filed within
THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
service.

Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Yavapai

SIGNED AND SEALED this date:*November 9, 2020*

*DONNA McQUALITY*
Clerk of Superior Court

By:*PLESTER*
Deputy Clerk



# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter    Strojnik v. Forest
Account       # OOT
Invoice       # 375572
Liddy         # 352062-1



SUPERIOR COURT
YAVAPAI COUNTY, ARIZONA

2020 NOV 12  PM 12: 54  ✓

DONNA McQUALITY, CLERK

BY: _____  M BURNETT

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

PETER STROJNIK,

Plaintiff(s) / Petitioner(s),

vs.

FOREST VILLAS INN II, LLC,

Defendant(s) / Respondent(s).

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
Case No. V1300CV202080257

ORIGINAL

**ENTITY/PERSON TO BE SERVED:** Forest Villas Inn II, LLC., c/o Jerry Carver, Statutory Agent

**PLACE OF SERVICE:**          239 S. Cortez St., Prescott, AZ 86303

**DATE OF SERVICE:** On the __10__ day of November , 2020 at __3:33__ PM     County Yavapai

| PERSONAL SERVICE | ☒ | Left a copy with a person authorized to accept service. | ☐ | At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein. |

**Name of Person Served and Relationship/Title**     Served upon Jerry Carver, Statutory Agent

on ____11/10/2020____ we received the following documents for service:

Summons, Complaint and Certificate of Compulsory Arbitration

**Received from Strojnik, PC**

PROCESS SERVER: Carl Cartwright, CN202000003

**The undersigned states: That I am a certified private process server in the county of Coconino and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _____     Date: 11/11/2020

| Item | Amount |
|---|---|
| Service of Process | $32.00 |
| Min. Mileage | $16.00 |
| Doc. Prep. Fee | $10.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

| Total | $58.00 |

# EXHIBIT "3"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/09/2020 11:51AM
BY: PLESTER
DEPUTY

Case No.: V1300CV202080257
HON. CHRISTOPHER KOTTKE

1  Peter Strojnik,
2  7847 N. Central Avenue
   Phoenix, Arizona 85020
3  Telephone:  (602) 524-6602
4  ps@strojnik.com

5  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
   **IN AND FOR THE COUNTY OF YAVAPAI**
6

7  | | Case No: |
   | Peter Strojnik, | **COMPLAINT** |

8
9                                    Plaintiff,     **1. Americans with Disabilities Act**
10              vs.                                 **2. Negligence**
                                                    **3. Failure to Disclose**
11 Forest Villas Inn II, LLC

12                                   Defendants.    **JURY TRIAL REQUESTED**
13

14                        **NATURE OF THE CASE**

15 1. Segregation of the disabled is the last of the collectively acceptable discrimination.
16    Discrimination is highly prevalent in the lodging industry.

17 2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full
18    and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right
19    to equal and full participation in the benefits and services in lodging facilities is
20    inviolate.

21 3. The lodging industry is subject to specific accessibility disclosure requirements under
22    28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements
23    pursuant to the ADA Accessibility Guidelines ("ADAAG").

24 4. Therefore, Plaintiff brings this action against Defendants alleging:

25    a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding
26       negligence; and

27    b. Violations of common law failure to disclose.

28 ///

**PARTIES**

5. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

6. Defendant Forest Villas Inn II, LLC owns, operates leases or leases to a lodging business located at 3645 Lee Cir, Prescott, AZ 86301 ("Hotel").

**JURISDICTION AND VENUE**

7. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia*, Plaintiff's claim for equitable nominal damages.

9. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

10. These barriers impair Plaintiff's full and equal access to the Hotel.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

12. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

2

noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

13. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

14. Plaintiff's physical infirmities alleged above do both of the following:

    a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

    b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

15. Plaintiff has a history of impairments stated in the preceding paragraph.

16. Plaintiff is regarded as having a physical conditions that limit major life activities.

17. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing,

working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

18. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.



19. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

### RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) |

| | | | | | |
|---|---|---|---|---|---|
| | | | | jumping, running, twisting knee, carrying stuff, and other major life activities. | (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning at any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Table 1 | | | | | |

20. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

21. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

22. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accessibility Design into this Complaint as if fully stated herein.

## PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

23. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

6

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)    Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)    Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

(vi)     Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)     Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)   Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)     Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

24. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

25. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES https://www.forestvillas.com/amenities |
| :---: |
| NO ACCESSIBILITY DISCLOSURES |
| Table 2. |

26. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

| PERSONAL BARRIER ECOUNTERS |
| :---: |



Identification.

9



Inaccessible from street.

Improperly marked accessible parking.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No accessible parking signage.

Accessible parking too steep.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No marked passenger loading zone.

Improperly configured handrails throughout.

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible check in counter.



Improperly configured handrails.



Uneven steps.

Closing time 4 s.

1
2
3
4
5
6
7
8
9
10
11
12



Improperly configured hardware.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible from indoor to pool.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Pool security latch too high.

Inaccessible throughout.

16



Cross slope too steep



Signage too low.

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020.

**Table 3**

## COUNT ONE
Americans with Disabilities Act

27. Plaintiff realleges all allegations heretofore made.

28. Defendant Forest Villas violated the ADA as documented above.

29. Plaintiff  is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

30. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

31. The removal of barriers is readily achievable.

32. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter **Defendant's place of public** accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. All other relief susceptible of proof based on the allegations.

## COUNT TWO
Negligence and Negligence Per Se

33. Plaintiff realleges all allegations heretofore set forth.

34. Defendant has been subject to previous ADA action in the United States District Court for the District of Arizona in a matter captioned *Brooke v. Forest Villas Inn II*, D.C. Ariz. 3:15-cv-08210-HRH but has not remediated wither its booking website or the architectural conditions of its Hotel.

35. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

36. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

37. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

38. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

39. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

40. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

41. Defendant breached this duty.

42. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

43. By engaging in negligent conduct described herein. Defendant engaged in intentional, aggravated and outrageous conduct.

44. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

45. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT THREE**
Failure to Disclose

46. Plaintiff realleges all allegations heretofore set forth.

47. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

48. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

49. The compliance with the ADA is a fact basic to the transaction.

50. Defendant failed to make the necessary disclosures.

51. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

52. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

53. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

54. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

## PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

55. With respect to all counts, Plaintiff alleges that Defendant has been subject to a previous ADA action, *Brooke v. Forest Villas Inn II*, D.C. Ariz. 3:15-cv-08210-HRH but has not remediated wither its booking website or the architectural conditions of its Hotel. Plaintiff further alleges that:

    a. Defendants' conduct was and continues to be reprehensible; and

    b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

    c. Defendants segregated of Plaintiff from the rest of the traveling public; and

    d. The duration of Defendants' the misconduct is over 30 years and

    e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

    f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

56. These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

///

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 9th day of November, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

# EXHIBIT "4"

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

| | | |
|---|---|---|
| Client Matter | Strojnik v. Forest | |
| Account | # OOT | |
| Invoice | # 375572 | |
| Liddy | # 352062-1 | |

SUPERIOR COURT
YAVAPAI COUNTY, ARIZONA

2020 NOV 12   PM 12: 54 ✓

DONNA McQUALITY, CLERK

BY: _____ M BURNETT

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

PETER STROJNIK,

        **Plaintiff(s) / Petitioner(s),**

vs.

FOREST VILLAS INN II, LLC,

        **Defendant(s) / Respondent(s).**

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER
Case No. V1300CV202080257**

## ORIGINAL

**ENTITY/PERSON TO BE SERVED:** Forest Villas Inn II, LLC., c/o Jerry Carver, Statutory Agent

**PLACE OF SERVICE:**     239 S. Cortez St., Prescott, AZ 86303

**DATE OF SERVICE:** On the ___10___ day of ___November___, _2020_ at ___3:33___ PM   County _Yavapai_

☐ PERSONAL SERVICE   ☒ Left a copy with a person authorized to accept service.

☐ At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**   Served upon Jerry Carver, Statutory Agent

on ___11/10/2020___ we received the following documents for service:

Summons, Complaint and Certificate of Compulsory Arbitration

**Received from Strojnik, PC**

PROCESS SERVER: Carl Cartwright, CN202000003

**The undersigned states: That I am a certified private process server in the county of Coconino and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _____   Date: 11/11/2020

| Item | Amount |
|---|---|
| Service of Process | $32.00 |
| Min. Mileage | $16.00 |
| Doc. Prep. Fee | $10.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Total     $58.00

# EXHIBIT "D"

1
2
3
4
5

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

6    *Attorneys for Defendant*

7

8    **IN THE UNITED STATES DISTRICT COURT**

     **FOR THE DISTRICT OF ARIZONA**
9

10   Peter Strojnik,                                    No.

11          Plaintiff,
                                                        **VERIFICATION OF STATE**
12   vs.                                                **COURT RECORD**

13   _Forest Villas Inn II, LLC,

14          Defendant.

15   State of Arizona          )

16                             ) ss
     County of Maricopa        )
17

18   **VERIFICATION OF LINDSAY G. LEAVITT**

          1.      Lindsay G. Leavitt, having been duly sworn upon my oath, declare and
19
     state, under penalty of perjury, as follows:
20
          2.      I am a Partner at the law firm of Jennings, Strouss & Salmon, PLC, and
21
     represent Defendant Forest Villas Inn II, LLC.
22
          3.      On November 9, 2020, Plaintiff Peter Strojnik filed the above-captioned
23
     case in the Maricopa County Superior Court of the State of Arizona, Case No.
24
     V1300CV202080257. ("State Court Action").
25
          4.      True and correct copies of all pleadings and other documents filed in
26
     the State Court Action are attached to the Notice of Removal as Exhibit C [1-4].
27
          5.      A true and correct copy of the Notice of Removal has been sent to the
28

7424335v1(67304.2)

1 | clerk of the court in the State Court Action, and written notice has been sent to the

2 | Plaintiff, at the same time that the Notice of Removal is being filed in this Court.

3 |         I verify under penalty of perjury that the foregoing is true and correct.

4 |         DATED this 8th day of December, 2020.

Lindsay G. Leavitt

8 | **SUBSCRIBED and SWORN to before me this 8th day of December, 2020.**

Notary Public

12 | My Commission Expires:

OFFICIAL SEAL
ESTELA G. BLACKMOUNTAIN
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Nov. 6, 2021

2

7424335v1(67304.2)

# EXHIBIT "E"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendant*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Peter Strojnik,<br><br>                    Plaintiff,<br><br>vs.<br><br>_Forest Villas Inn II, LLC,<br><br>                    Defendant. | No. V1300CV202080257<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS ACTION**

Please take notice that on December 8, 2020, Defendant Forest Villas Inn II, LLC, filed in the United States District Court for the District of Arizona a Notice of Removal to remove this action to that court. A full and true copy of said Notice of Removal is herewith served on you for filing attached as **Exhibit "A"**.

RESPECTFULLY SUBMITTED this 8th day of December, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By */s/  Lindsay G. Leavitt*
Lindsay G. Leavitt
Jordan T. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendant*

. . .

7426070v1(67304.2)

Original of the foregoing E-Filed with the
Clerk of the Court and a Copy of the
foregoing sent via Electronic mail on this
8th day of December, 2020, to:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com
*Pro Per*


*/s/  Tana Davis-Digeno*

2