**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>          Plaintiff,<br><br>v.<br><br>Forest Villas Inn II LLC,<br><br>          Defendant. | No. CV-20-08328-PCT-DWL<br><br>**ORDER** |

**INTRODUCTION**

      Over the last decade, Plaintiff Peter Strojnik ("Strojnik") has been personally responsible for the filing of hundreds, if not thousands, of meritless lawsuits. In general, these "cookie-cutter lawsuits" with inadequate allegations have involved the assertion of claims under the Americans with Disabilities Act ("ADA") against small businesses. *Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 891, 893 (D. Ariz. 2017) ("Template complaints filled with non-specific allegations have become the stock-in-trade of attorney[] Peter Strojnik" who, in conjunction with others, "pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court").

      Initially, Strojnik filed these ADA lawsuits in his capacity as an attorney, but he was disbarred by the Arizona State Bar in 2019. The notice of disbarment explained that Strojnik's *modus operandi* was to engage in "'extortionate' and 'ethically suspect' misconduct" by asserting "vague violations" and then "demand[ing] approximately $5,000

in attorney's fees regardless if the business remedied the purported violations." *See* State Bar of Ariz., https://azbar.legalserviceslink.com/attorneys-view/PeterStrojnik (last visited May 17, 2021).

Next, Strojnik began bringing ADA lawsuits in federal court as a *pro se* plaintiff. Those lawsuits were routinely dismissed for lack of standing, and in 2020, Strojnik was declared a vexatious litigant by the United States District Courts for the Northern and Central Districts of California. *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, *13 (N.D. Cal. 2020) ("Strojnik's litigation tactics are frivolous and harassing."); *Strojnik v. SCG Am. Construction Inc.*, 2020 WL 4258814, *7-8 (C.D. Cal. 2020) (finding, in the course of making vexatious-litigant finding, that "Strojnik's propensity for filing a multitude of disability discrimination cases, particularly against hotel defendants, is very well known," that "countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims," and that "Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders").

Strojnik's latest strategy is to file *pro se* ADA lawsuits in Arizona state court. Some of the targets of these lawsuits have responded by asking that Strojnik be declared a vexatious litigant in state court. At least one Arizona court—the Yavapai County Superior Court—recently made such a declaration. (Doc. 17-1 at 2 [March 2, 2021 order: "IT IS ORDERED declaring that the Plaintiff Peter Strojnik is a vexatious litigant pursuant to A.R.S. § 12-3201."].)

Other targets of these lawsuits have responded by removing the action to federal court, based on the presence of a federal claim (*i.e.,* the ADA claim), and then moving to dismiss based on a lack of standing. *Strojnik v. Driftwood Hospitality Mgmt. LLC*, 2021 WL 50456, *8-9 (D. Ariz. 2021) ("As of December 19, 2020, Mr. Strojnik claims to have filed 64 cases with ADA claims in Arizona superior courts . . . [and] twenty-two of Mr. Strojnik's *pro se* ADA cases have been heard in this District since his disbarment after they were removed from state court"). Strojnik has not only resisted these efforts but gone on

the offensive, seeking sanctions against opposing counsel. *See, e.g., Strojnik v. Ashford Scottsdale LP*, 2021 WL 2002977, *1 (D. Ariz. 2021) (discussing unsuccessful sanctions motion filed by Strojnik). Such tactics prompted the District of Arizona to declare Strojnik a vexatious litigant in January 2021. *Driftwood Hospitality*, 2021 WL 50456 at *10 ("The Court finds that Mr. Strojnik harasses and coerces parties into agreeing to extortive settlements . . . [and] finds Mr. Strojnik's litigation tactics frivolous and harassing.").

This action represents more of the same. Strojnik brought this action in Arizona state court against a hotel, asserting an ADA claim and a pair of related state-law claims. (Doc. 1-3 at 2-22.) His complaint in this action is quite similar to the he complaints filed in other actions, with many identical (or nearly identical) paragraphs appearing in each version.[1] In response, Defendant Forest Villas Inn II LLC ("Forest Villas") removed the action to federal court, based on the presence of the ADA claim (Doc. 1), and then filed a motion to dismiss (Doc. 11). Forest Villas further argues that, under *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991), the appropriate remedy is dismissal rather than a remand to state court because a remand would be futile. (Doc. 11.) For the following reasons, the Court agrees with Forest Villas and dismisses this action.

**DISCUSSION**

I.  Subject-Matter Jurisdiction

Forest Villas moves for dismissal under Rule 12(b)(1), based on the absence of subject-matter jurisdiction, and also seeks judgment on the pleadings under Rule 12(c). (Doc. 11.) The Court will begin by addressing the existence of subject-matter jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that

---

[1] For example, in *Ashford Scottsdale*, Case No. 20-cv-2352-DWL, the complaint appears at Docket No. 1-1. This pleading is subject to judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). One difference between the complaints is that Strojnik's complaint in this action asserts only two state-law claims (for negligence and failure to disclose). In *Ashford Scottsdale*, the complaint asserted the same two state-law claims but also added state-law claims for negligent misrepresentation, fraud, and "Consumer Fraud—Brand Deceit," the latter of which was the subject of additional motion practice. *Ashford Scottsdale*, 2021 WL 2002977 at *4-5.

- 3 -

it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). Even if Forest Villas hadn't filed such a motion, the Court would "have an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). *See also* Fed. R. Civ. P. Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### A.    **Legal Standard**

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[T]he irreducible constitutional minimum of standing contains three elements": (1) a concrete and particularized injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision. *Id.* at 560-61.

### B.    **The Parties' Arguments**

Forest Villas argues that Strojnik cannot establish an injury-in-fact with respect his ADA claim because, "[a]s usual, [Strojnik] identifies a list of apparent ADA violations, claiming that each violation denies him full and equal access 'that would satisfy the injury-in-fact requirement.' But Plaintiff doesn't actually do this: instead, he just gives generic descriptions, like 'identification,' 'no marked passenger loading zone,' 'signage too low,' and so forth." (Doc. 11 at 3.) Put another way, Forest Villas argues that "[a]t no point in his Complaint does [Strojnik] explain how the alleged ADA violations prevent him from full and equal access to the hotels. . . . This is exactly what he has done in countless other ADA cases, and it does not come close to satisfying the injury-in-fact requirement for standing under the ADA." (*Id.* at 4-5.) Forest Villas further contends that Strojnik cannot establish standing with respect to his ADA claim because his complaint "contains no indication that he would return to Forest Villas' hotel if it were accessible or why he has an interesting in staying at this hotel. This, coupled with the fact that he has personally sued dozens of other hotels, gives reason to doubt the sincerity of any alleged deterrence

anyway. He cannot, thus, show that he is deterred from visiting this hotel." (*Id.* at 4, citation omitted). Finally, Forest Villas contends that Strojnik lacks standing with respect to his state-law claims because they "are all dependent on this doomed ADA claim." (*Id.* at 3.)

Strojnik's response touches on the issue of federal standing in only superficial fashion. (Doc. 20 at 3.)[2] In a nutshell, he contends that, because the complaint alleges that he is "mobility disabled" and "personally encountered" certain "barriers to accessibility" during his visit to Forest Villas, his allegations should be deemed sufficient under *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021), and certain other Ninth Circuit cases. (*Id.*)

In reply, Forest Villas argues that Strojnik's arguments are contradictory because, although he "argues—adamantly—that he has standing under federal law . . . [he] simultaneously argues that Forest Villas improperly removed this case . . . and that the procedure should end up so '[t]he case is right back in the State Court where it belongs,' which is, necessarily, a concession that [he] lacks Article III standing." (Doc. 17 at 1.)

C. **Analysis**

The Court will begin by addressing Strojnik's standing to assert the ADA claim set forth in Count One of the complaint. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("[O]ur standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press.").

The Ninth Circuit has "describe[d] in detail the standard for pleading standing pursuant to an ADA claim." *Whitaker,* 985 F.3d at 1179. The seminal decision in this area is *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (en banc). There, the Ninth Circuit held that "when an ADA plaintiff has suffered an injury-in-fact by

---

[2] Rather than address whether he has standing under federal standards, Strojnik dedicates most of his response to discussing the general importance of private ADA compliance litigation (*id.* at 1-2), why he prefers to litigate in state court (*id.* at 3-4), why Forest Villas' attempt to challenge his standing after removing the case from state court should be considered improper (*id.* at 5), why the remedy for a finding of no subject-matter jurisdiction should be remand rather than dismissal (*id.* at 5-7), and why Forest Villas' request for dismissal under Rule 12(c) should be denied (*id.* at 7-9).

- 5 -

encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability." *Id.* at 944. Critically, because the plaintiff in *Chapman* simply "attached an accessibility survey to his complaint that identified multiple ADA barriers" at the facility in question, without "connect[ing] the barriers to [his] disability or indicat[ing] which barrier or barriers he had personally encountered," the Ninth Circuit concluded he lacked standing. *Whitaker*, 985 F.3d at 1179 (citing *Chapman*, 631 F.3d at 954-55).

Similarly, in *O'Campo v. Bed Bath & Beyond of Cal., Inc.*, 610 F. App'x 706 (9th Cir. 2016), the Ninth Circuit held that the plaintiff "failed to sufficiently allege standing for his ADA claim" because although the complaint identified "five alleged barriers" that might interfere with the full and equal access of a mobility-impaired person who required the use of a wheelchair, the plaintiff himself only "require[d] the use of a cane" and none of the barriers at issue would "impact a person who was standing up." *Id.* at 708.

In contrast, in *Whitaker*, the Ninth Circuit held that the plaintiff's allegations were "sufficient to establish injury-in-fact for purposes of standing" because he specifically alleged "that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning." 985 F.3d at 1179.

With this backdrop in mind, the issue of ADA standing in this case isn't a close call. Strojnik lacks standing to advance his ADA claim because he has not demonstrated an injury in fact. There is a certain irony in Strojnik's proffer of *Whitaker* as an opinion that supports his position. There, an ADA plaintiff *who used a wheelchair* had standing to assert an ADA claim because he alleged that, when visiting the defendant's facility, he "personally encountered a barrier"—an inaccessible service counter—that he couldn't access by virtue of his use of a wheelchair. 985 F.3d at 1179. Here, although Strojnik misleadingly notes that his physical conditions would require the use of a wheelchair "[i]n their unmitigated, active state" (Doc. 1-3 ¶ 21), he doesn't allege that he was actually using

a wheelchair during his visit to Forest Villas' property. Thus, Strojnik has not come close to establishing that he suffered any injury flowing from the conditions related to wheelchair accessibility that are depicted in most of the pictures in the complaint. *See generally Ashford Scottsdale*, 2021 WL 2002977 at *8-9 & n.7 (noting same flaw in nearly identical complaint); *Strojnik v. LADA Sedona LP*, 2021 WL 2043021, *1 (D. Ariz. 2021) (same).

As an example, one of those pictures is of the gate near the Forest Villas pool. (Doc. 1-3 at 17.) The caption provided by Strojnik reads: "Pool security latch too high." (*Id.*) Although it may be true that a guest in a wheelchair would have trouble reaching the latch, the complaint does not allege that Strojnik had any trouble reaching the latch. *Cf. O'Campo*, 610 F. App'x at 708 (ADA plaintiff lacked standing because, although the "five alleged barriers" might interfere with the full and equal access of a mobility-impaired person who required the use of a wheelchair, the plaintiff himself only "require[d] the use of a cane" and none of the barriers at issue would "impact a person who was standing up").

Finally, although the caption appearing below one of the pictures in the complaint seems to suggest that the condition at issue relates to wrist flexion rather than wheelchair accessibility (Doc. 1-3 at 16 [picture of normal-looking door handle with the caption "Improperly configured hardware"]), Strojnik has not established an injury-in-fact as to that condition, either. Although the complaint vaguely alleges that Strojnik suffers from an unspecified "musculoskeletal" condition that "[l]imits" a long litany of activities, including "twisting the wrist" (*id.* ¶ 14), and further alleges that "[a]n encounter with a non-compliant operable part" of "doors, door opening and closing hardware, AC controls" will cause Strojnik "to experience pain and discomfort" (*id.* ¶ 23(g)(i)), the complaint provides no information whatsoever as to why the specific piece of door hardware depicted in the complaint should be considered "[i]mproperly configured" or why it interfered with Strojnik's use and enjoyment of the facility. Here, just as in *Driftwood Hospitality*, "[i]nstead of explaining how the alleged ADA violations prevent him from full and equal access to the hotels, Mr. Strojnik makes vague statements about his disabilities, and it is anybody's guess how the particular hotel features he photographs so meticulously actually

impact him." 2021 WL 50456 at *5.

Turning to the state-law claims, Strojnik does not respond to—and thus implicitly accedes to—Forest Villas' argument that he lacks standing to advance them because they are derivative of his failed ADA claim. *Scott v. City of Phoenix*, 2011 WL 3159166, *10 (D. Ariz. 2011) ("Scott does not respond to this argument, and by failing to do so, Scott is deemed to have waived the issue."); *Reyes v. Wells Fargo Bank*, 2017 WL 11568871, *4 (C.D. Cal. 2017) (collecting cases); *Hurry v. Fin. Indus. Regul. Auth., Inc.*, 782 F. App'x 600, 602 (9th Cir. 2019) ("[F]ailure to respond to that argument constitutes waiver.").

Alternatively, even if Strojnik hadn't conceded the issue, Forest Villas is correct on the merits. Strojnik's state-law claims for negligence/negligence *per se* and failure to disclose both hinge on the notion that the accessibility barriers at Forest Villas caused him to suffer injury. (Doc. 1-3 ¶¶ 33-54) They fail for the same reasons as his ADA claim. *Driftwood Hospitality*, 2021 WL 50456 at *5-6 ("Each [of the] remaining claims are different species of fraud and negligence, and they almost all rely on Defendants' alleged ADA violations. . . . "); *Ashford Scottsdale*, 2021 WL 2002977 at *9 (same).

III.   Dismissal Or Remand

    A.   **Background**

For the reasons discussed above, the Court lacks subject-matter jurisdiction over all of Strojnik's claims. Under 28 U.S.C. § 1447(c), the usual rule in a case that has been removed from state court is that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." However, in *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991), the Ninth Circuit recognized an exception to this principle. Under *Bell*, when a district court "determines that it lacks subject matter jurisdiction in a removal case," it has discretion to dismiss, rather than remand, the action "[w]here the remand to state court would be futile." *Id.* at 1424. This is because "[d]istrict court resolution of the entire case," where there is no "conceivable" chance the plaintiff would succeed on remand, "prevents any further waste of valuable judicial time and resources." *Id.* at 1424-25. Although other Circuits have rejected *Bell*'s

approach, holding that a remand is always required when a district court determines it lacks subject-matter jurisdiction in a removal action, *Bell* remains good law in the Ninth Circuit. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016).[3]

## B.   **The Parties' Arguments**

Forest Villas argues that dismissal is warranted under the *Bell* doctrine because a remand would be futile. (Doc. 11 at 5-7.) As an initial matter, Forest Villas submits evidence that the Yavapai County Superior Court—the court where this case would otherwise be remanded—recently dismissed a nearly identical claim brought by Strojnik. (*Id.* at 5-6.) More broadly, Forest Villas argues that a remand would be futile because Arizona courts "closely . . . follow the federal standard in determining standing," because other courts have previously declined to remand Strojnik's removal cases pursuant to the *Bell* doctrine, and because Strojnik "cannot point to any actual substantive difference between state law and federal law on standing that would compel a different result here." (*Id.* at 6-7.)

In his response, Strojnik does not even mention *Bell*. (Doc. 16.) Instead, he incorrectly asserts that "where the district court finds lack of standing, the dismissal is without prejudice and the remand mandatory" and then suggests that, because some (but not all) judges of this Court have chosen to remand his prior cases after finding a lack of standing, this Court should do the same in an effort to "maintain[] intradistrict consistency." (*Id.* at 5-7.) Strojnik also argues, in conclusory fashion, that he has "prudential standing" under Arizona law even if he lacks "jurisdictional standing" under federal law. (*Id.* at 2.)

In reply, Forest Villas argues that Strojnik's reliance on the Arizona courts' "prudential standing" requirement is misplaced because, "[u]nfortunately for [Strojnik],

---

[3]   As the Ninth Circuit has acknowledged, *Bell*'s recognition of a futility exception is difficult to reconcile with "the literal words of § 1447(c), which, on their face, give no discretion to dismiss rather than remand an action." *Polo*, 833 F.3d at 1197-98 (citation and internal quotation marks omitted). Nevertheless, because *Polo* expressly declined to overrule *Bell*, it remains valid Ninth Circuit law. As such, it must be followed here. *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit . . . no matter how egregiously in error they may feel their own circuit to be.") (citation omitted).

courts throughout the state have exercise[d] this prudence to conclude that [Strojnik] does, in fact, lack standing under state law." (Doc. 17 at 3.) Additionally, Forest Villas submits evidence that Strojnik was recently declared a vexatious litigant by the Yavapai County Superior Court. (*Id.* at 3, citing Doc. 17-1.)

C. **Analysis**

The Court agrees with Forest Villas that it would be futile to remand this action to state court and therefore dismisses Strojnik's claims pursuant to *Bell*. The record before the Court is that Strojnik has been responsible for the filing of an avalanche of meritless ADA-related lawsuits in recent years. Nearly all of those lawsuits have been dismissed based on a lack of standing. Along the way, Strojnik has been disbarred once, has been declared a vexatious litigant at least four times, and has incurred the opprobrium of innumerable judges who've been dismayed by his tactics. Some of those judges have made findings of futility under *Bell*. *MidFirst Bank*, 279 F. Supp. 3d at 895 ("This is even a better case for the futility doctrine than *Bell*."). Strojnik has tellingly not identified a single case in which he ever prevailed.

Furthermore, whatever his track record in other cases, the futility of a remand in this case is apparent. *Polo*, 833 F.3d at 1198 (under *Bell*, futility exists if there is an "absolute certainty that a state court would simply dismiss the action on remand") (cleaned up). Although the complaint largely identifies barriers at Forest Villas' facility that might interfere with a wheelchair-bound customer's ability to enjoy full and equal access to the facility, Strojnik doesn't allege that he was using a wheelchair during his visit.

The bottom line is that Arizona courts "have established a rigorous standing requirement," which requires a plaintiff to "allege a distinct and palpable injury." *Fernandez v. Takata Seat Belts, Inc.*, 108 P.3d 917, 919 (Ariz. 2005). Strojnik has not done so here. "Moreover, it is certain that Arizona law would not wink at standing to allow . . . Strojnik to bring these injury-free lawsuits in light of the ethically suspect tactics Strojnik employs." *MidFirst Bank*, 279 F. Supp. 3d at 897. And indeed, Arizona courts have been requiring Strojnik to "bear[] the burden of pleading ADA Title III standing" and

have determined that Strojnik fails to meet this burden where his "complaint does not adequately describe actual barriers at [a defendant's] hotel or how the alleged barriers at the hotel affected [Strojnik's] use [or] enjoyment of the facility in light of his particular disabilities." (Doc. 17-1 at 6-7 [Navajo County Superior Court order dismissing one of Strojnik's cases for lack of standing]).

Finally, the fact that Strojnik was recently declared a vexatious litigant by the Yavapai County Superior Court, which is where this case originated, underscores why a remand would be futile.

Accordingly, **IT IS ORDERED** that:

1. Defendant's motion to dismiss (Doc. 11) is **granted**.

2. The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 26th day of May, 2021.

_____
Dominic W. Lanza
United States District Judge