<mark>WO</mark>

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-08328-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Forest Villas Inn II LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff's "Motion for New Trial" (Doc. 20), which Defendant opposes (Doc. 21). For the following reasons, the motion is denied.

As background, on May 26, 2021, the Court granted Defendant's motion to dismiss, concluding that subject matter jurisdiction was lacking due to Plaintiff's lack of standing and that dismissal, rather than a remand, was the appropriate remedy under the futility doctrine established by *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991). (Doc. 18.) The Clerk entered judgment and terminated the action. (Doc. 19.)

Given this backdrop, Plaintiff's request for a "new trial" is misplaced. *Merrill v. Cty. Of Madera*, 389 F. App'x 613, 615 (9th Cir. 2010) ("[A] Rule 59(a) motion for new trial is not available on claims or causes of actions for which [the plaintiff] never received a trial."). The Court thus construes his latest filing as a motion for reconsideration.

Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g).

Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

Plaintiff's motion is a string of non sequiturs. First, Plaintiff states that the Court "suggests that an ADA Plintiff [sic] must be in a wheelchair to be entitled to ADA relief." (Doc. 20 at 2.) This is a strawman argument. In fact, the Court set forth the Ninth Circuit's "standard for pleading standing pursuant to an ADA claim":

> The seminal decision in this area is *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (en banc). There, the Ninth Circuit held that "when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to ***his particular disability***, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability." *Id.* at 944. Critically, because the plaintiff in *Chapman* simply "attached an accessibility survey to his complaint that identified multiple ADA barriers" at the facility in question, without "connect[ing] the barriers to [his] disability or indicat[ing] which barrier or barriers he had personally encountered," the Ninth Circuit concluded he lacked standing. [*Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1179 (9th Cir. 2021)] (citing *Chapman*, 631 F.3d at 954-55).

*Strojnik v. Forest Villas Inn II LLC*, 2021 WL 2138797, *3 (D. Ariz. 2021) (emphasis added). Thus, although there are myriad disabilities that might entitle a person to ADA relief (many of which do not require the use of a wheelchair), the applicable standing rules require an ADA plaintiff to allege that the barriers he encountered interfered with his "full and equal enjoyment" of the facility "on account of his *particular* disability." *Chapman*, 631 F.3d at 947 (emphasis added). "Particular" refers to the specific way the disability affects a given individual. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"). In *Chapman*, although the plaintiff alleged he was "physically disabled" and that he "visited the Store" and "encountered architectural barriers that denied him full and equal access," "he never allege[d] what those barriers were and how his disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (*i.e.,* that he personally suffered discrimination under the ADA on account of his disability)." 631 F.3d at 954.

The same is true here. Although Plaintiff photographed various alleged barriers, he never alleged "what those barriers were and how his disability was affected by them." *Id.* This has been a repeated problem for Plaintiff in his many failed lawsuits. *See, e.g.*, *Strojnik v. Kapalua Land Co., Ltd.*, 801 F. App'x 531 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim . . . because Strojnik failed to allege facts sufficient to demonstrate an injury as a result of the alleged threat."); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1340 (E.D. Cal. 2020) ("Plaintiff has failed . . . to allege sufficiently how his particularized injury affected him; that is, how his disabilities relate to the barriers he encountered."); *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, *5 (N.D. Cal. 2020) ("[T]he pictures Strojnik attached to his complaint contain vague and generic captions that include no information about how the depicted features violate the ADA or pose a barrier to him based on his disabilities. . . . [H]e . . . failed to state in even the most basic way how the features displayed in the photographs are inaccessible to him based on his disabilities."); *Strojnik v. Four Sisters Inns, Inc.*, 2019 WL 6700939, *3 (C.D. Cal. 2019) ("Plaintiff's legal conclusion that these alleged barriers 'relate to [his] disability' does not explain *how* the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel. . . . This is insufficient to satisfy the injury-in-fact requirement.").

The Ninth Circuit has recognized that when a barrier prevents full and equal enjoyment as to a disabled person using a wheelchair, but not as to a disabled person who is standing and walking, the latter lacks standing to challenge the barrier:

> The district court properly concluded that the barriers O'Campo alleged would not interfere with the full and equal access of a mobility-impaired person who requires the use of a cane, rather than a wheelchair. Using as an example the fourth alleged barrier, incomplete insulation of the pipes under the lavatory, this condition would not impact a person who was standing up, because the legs of a standing person would not be underneath the lavatory while that person washed his hands. Even though the Court is to draw reasonable inferences in favor of O'Campo, the Court cannot reasonably infer that incomplete insulation covering the pipes beneath the lavatory would interfere with O'Campo's full and equal access to BBB's facilities when his alleged impairment required that he use a cane.

*O'Campo v. Bed Bath & Beyond of California, LLC*, 610 F. App'x 706, 708 (9th Cir. 2015).

Indeed, even a disabled person who uses a wheelchair must establish a connection between the barriers he encounters and his wheelchair use. *Chapman*, 631 F.3d at 955 ("Unlike in other cases where we have found Article III standing . . . Chapman leaves the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at Pier One.").

Second, Plaintiff advances arguments related to the definition of "disability" under the ADA. Plaintiff cites *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850 (9th Cir. 2009), a case in which the Ninth Circuit held that the district court erred in concluding as a matter of law that the plaintiff was not a "qualified individual" with a "disability." *Id.* at 853. *Rohr* discussed how two Supreme Court cases that dealt with the definition of "disability" under the ADA—*Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999) and *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 190 (2002)— were undermined by subsequent legislative action. 555 F.3d at 861-62. Plaintiff seems to suggest that because "[i]mpairments are to be evaluated in their *unmitigated* state" when determining whether a plaintiff has a "disability" under the ADA, *id.* at 862, it follows that it is sufficient, for standing purposes, for an ADA plaintiff to establish that certain barriers *would have* interfered with his "full and equal enjoyment" of the facility *had* his disability been in its unmitigated state. In other words, Plaintiff suggests that the standing determination should rest on what the nature of his particular disability might be in a hypothetical world in which he "did not receive nerve blocking, does not take pain medication," and did not have a prosthetic knee. Plaintiff suggests that, in this hypothetical world, he would require the use of a wheelchair,[1] such that barriers to wheelchair users would affect him.

Plaintiff is conflating distinct issues. The Court's standing and futility analysis did

---

[1] Plaintiff mentions that he "is subject to pleurisy" and states that it is "an episodic medical condition" and that he "never knows when it will strike." (Doc. 20.) Plaintiff does not, however, suggest that this episodic lung condition ever requires him to use a wheelchair or that it is in any way connected to the alleged barriers he encountered at Defendant's hotel.

- 4 -

not turn on whether Plaintiff is disabled under the ADA. Whether a condition, in its unmitigated state, is considered a disability for ADA purposes is separate from whether, for standing purposes, a particular disabled plaintiff was actually harmed by a particular barrier at a particular hotel. To establish standing, the injury-in-fact must be "concrete," which means "de facto," "real," and "not abstract"—the injury "must actually exist" and it must be "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548. "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). The Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Id.* (internal quotation marks omitted). Here, there is no indication that Plaintiff's disability requires him to use a wheelchair or that it certainly will. Hypothetical manifestations of a disability that could theoretically require wheelchair use do not imbue an ADA plaintiff with standing to challenge conditions that did not actually affect him.

As for Plaintiff's argument that remand is mandatory, Plaintiff merely rehashes the arguments already made in the motion-to-dismiss briefing. The Court need not revisit them. LRCiv 7.2(g)(1) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.").

As a final matter, Plaintiff accuses the Court of "juvenile name calling," which Plaintiff asserts "is more suitable to a pre-pubescent girl's posting on Facebook than a somber analysis of a civil rights claim." (Doc. 20 at 1, 7.) In an order in a different action, the Court wrote:

> Having been disbarred once, and been declared a vexatious litigant thrice, for making variants of the same arguments presented in this case, Strojnik cannot establish that remanding this action for further litigation in state court would be anything other than an exercise in futility. Enough is enough. This judicial equivalent of whack-a-mole must stop.

*Strojnik v. Ashford Scottsdale LP*, 2021 WL 2002977, *2 (D. Ariz. 2021). Plaintiff denounces the Court for calling him a "mole" and—inexplicably—a "rodent."[2] (Doc. 20 at 1.) This is truly grasping at straws. The term "whack-a-mole" is used colloquially to describe "a situation in which repeated efforts to resolve a problem are frustrated by the problem reappearing in a different form."[3] The Court's usage was, quite obviously, this colloquial one, referring to the profound drain on judicial resources caused by Plaintiff's repetitive filing of complaints in which he lacks standing, and the repetitive efforts made by federal and state judges to resolve these frivolous cookie-cutter actions. The point is not what pops up (in the game upon which the colloquial usage is based, a cute plastic toy mole), but rather the repetitiveness of the action.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 20) is **denied**.

Dated this 11th day of June, 2021.

Dominic W. Lanza
United States District Judge

---

[2] Neither the word "rodent" nor the name of any type of rodent has appeared in any of the Court's orders, so the Court assumes that Plaintiff believes moles are rodents. They aren't.

[3] https://www.macmillandictionary.com/us/dictionary/american/whack-a-mole.